IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REGINALD CARL HARRIS,           )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-10-035-RAW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

### REPORT AND RECOMMENDATION

Plaintiff Reginald Carl Harris (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 22, 1959 and was 50 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. He also took some vocational training in truck driving and obtained a commercial drivers license as well as a certification as a direct daily care assistant. Claimant has

past relevant work as a direct daily care assistant, part mover, air conditioning/heating repairman, masonry laborer, mechanic, dump truck driver, and assembly line worker. Claimant alleges an inability to work beginning December 1, 2006 due to injuries to his back sustained in a vehicle accident.

**Procedural History**

On June 13, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 2, 2009, an administrative hearing was held before ALJ Deborah Rose in Tulsa, Oklahoma. On August 31, 2009, the ALJ issued an unfavorable decision on Claimant's application. On January 8, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the

residual functional capacity ("RFC") to perform a full range of light work with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to find he met a listing; (2) failing to attribut sufficient weight to the opinions of Claimant's treating physicians; and (3) finding Claimant retained the RFC to perform a full range of light work.

### Step Three Analysis

Claimant asserts the ALJ should have determined he met Listing 1.04. Claimant contends the ALJ did not adequately consider all of the medical evidence concerning his condition, including his own testimony as well as that of his treating physicians. The ALJ determined Claimant suffered from the severe impairment of degenerative disc disease of the cervical and lumbar spine. (Tr. 26). The ALJ considered the application of Listing 1.04, but determined that Claimant's condition did not satisfy the requirements of this Listing since he did not have nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in an inability to ambulate effectively. (Tr. 27).

The medical record indicates that in an April 2, 2007 MRI, Claimant was found to have severe disc degeneration at L4-5 with nerve root compression on the left. (Tr. 206). On April 24, 2007,

5

Claimant underwent a left L4 decompressive hemilaminectomy with medial facetectomy and wide foraminotomy and removal of herniated nucleus pulposis at L4-5 performed by Dr. R. Clio Robertson. (Tr. 155). At his discharge from the surgery on April 26, 2007, Dr. Robertson noted Claimant "has become fully ambulatory in a lumbar support." (Tr. 151).

The portion of Listing 1.04 which is applicable in this case states:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> * * *

The nerve root compression from which Claimant suffered was resolved by the April 24, 2007 surgery. While Claimant has been found to experience difficulty with prolonged standing or sitting, climbing, and repetitive pushing with foot pedals, at no time has a treating physician suggested Claimant has experienced muscle atrophy indicating motor loss. (Tr. 228-29). Indeed, Dr.

6

Robertson found Claimant did not experience any sensory loss or muscle weakness on January 29, 2007 and tested straight leg raising at 70 degrees on the left. (Tr. 208). The criteria of Listing 1.04 was not met.[2] While the ALJ's statements regarding motor loss were somewhat lacking in references to the record, the conclusion represented a correct assessment of the medical record evidence.

### Treating Physician's Opinions

Claimant next indicates the ALJ failed to give controlling weight to the opinions of his treating physician, Dr. Richard Hastings, II. Dr. Hastings initially treating Claimant on September 7, 2006 immediately after the automobile accident which gave rise to Claimant's injuries. (Tr. 146-48). He ultimately referred Claimant to Dr. Robertson for surgical evaluation. Thereafter, Dr. Hastings' involvement in Claimant's treatment was limited to being copied in on the records produced by those physicians who rendered further treatment to Claimant.

On March 3, 2009, Dr. Hastings rendered a medical opinion on Claimant's RFC. He concluded Claimant could not lift in excess of 5 pounds, push or pull repetitively in excess of 5 pounds, engage

---

Both parties and the ALJ reference the requirement for an "inability to ambulate effectively" in their writings. This Court would note, however, that this requirement only applies when the presence of lumbar spinal stenosis under Listing 1.04. Stenosis was not noted in Claimant's treatment records.

in repetitive stooping, bending, lifting or twisting, engage in work activities with his arms overhead, engage in forceful gripping, twisting, or turning with the left hand, stand or sit for prolonged periods, climb ladders and be in unguarded heights, engage in repetitive pushing or foot pedal maneuvers with his left lower extremity, or stand in excess of 30-45 minutes without a 10-minute period of rest sitting or reclining. (Tr. 228-29).

In her decision, the ALJ noted Dr. Hastings' evaluation. She attributed little weight to it, however, because "he has only seen the claimant on two occasions and only for the purpose of obtaining disability benefits." Instead, the ALJ gave greater weight to the agency medical consultant because that physician's opinion "is more consistent with the objective medical record, and that doctor is an expert regarding the Social Security Administration program." (Tr. 30).

Based upon the extent and duration of the relationship, this Court is not convinced Dr. Hastings meets the criteria to be designated as a treating physician. It is only this status that affords his opinions controlling weight. 20 C.F.R. § 416.927(d), (d)(2).

This Court finds the Tenth Circuit's discussion of the basis for designating a physician as "treating" instructive. In the case

8

of <u>Doyal v. Barnhart</u>, 331 F.3d 758 (10th Cir. 2003), the Court was faced with whether to find the opinions of a physician as entitled to controlling weight. In its discussion, the Tenth Circuit noted

> The treating physician's opinion is given particular weight because of his "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(d)(2). This requires a relationship of both duration and frequency. "The treating physician doctrine is based on the assumption that a medical professional *who has dealt with a claimant and his maladies over a long period of time* will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994)(emphasis added). As the Supreme Court recently observed, "the assumption that the opinions of a treating physician warrant greater credit that the opinions of [other experts] may make scant sense when, for example, the relationship between the claimant and the treating physician has been of short duration." <u>Black & Decker Disability Plan v. Nord</u>, No. 02-469, slip op. at 9, 2003 WL 21210418 (U.S. May 27, 2003). Moreover, a longstanding treatment relationship provides some assurance that the opinion has been formed for purposes of treatment and not simply to facilitate the obtaining of benefits.

<u>Doyal v. Barnhart</u>, 331 F.3d 758, 762-63 (10th Cir. 2003).

It appears from a review of the record that the duration and nature of Dr. Hastings' relationship with Claimant lends itself to a finding that Dr. Hastings was not a "treating physician" as defined by the Social Security regulations and prevailing case

9

authority. His opinions, therefore, were not entitled to the presumption of controlling weight. While the ALJ did not specifically indicate that this was the basis for the rejection of Dr. Hastings' opinion on Claimant's limitations, the duration of their relationship was cited as the reason for giving the opinion "little weight." (Tr. 30). Accordingly, this Court finds the ALJ did not err in giving the opinion reduced weight without further discussion of the factors in Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

### RFC Evaluation

Claimant next suggests the ALJ arrived at a faulty RFC assessment. The ALJ determined Claimant could lift and/or carry 10 pounds frequently and 10 pounds occasionally, stand and/or walk for a total of 6 hours in an 8 hour workday, sit for a total of 6 hours in an 8 hour workday, and occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 27). Claimant relies upon the report of Dr. Hastings to contradict these findings. As has already been discussed, it was not error for the ALJ to attribute reduced weight to Dr. Hastings' opinions regarding Claimant's limitations.

Claimant also contends the ALJ failed to properly evaluate his claims of pain and attacks her credibility findings. This Court

finds no error in the ALJ's findings in this regard based upon the medical record as a whole.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE